Titus *v.* Phillips.

The decree was reversed by the following vote:

*For reversal*—BEASLEY, C. J., BEDLE, CLEMENT, DAL-RIMPLE, DEPUE, ELMER, KENNEDY, VAIL, VREDENBURGH, WALES, WOODHULL. 11.

*For affirmance*—FORT.

# JUNE TERM, 1867.

—

TITUS, appellant, and PHILLIPS, respondent.

1. Where a grantor places a deed in the hands of a third party, together with a due-bill, with instructions not to deliver the deed to the grantee until he should sign the bill, and the deed was delivered to the grantee without his being required to sign the bill, and accepted by him under the honest belief that the amount of the encumbrances which he thereby agreed to assume was the whole consideration, it is a case of mutual mistake of fact, against which a court of equity will relieve.

2. An action at law for the amount of such due-bill, being a part of the consideration of the deed, will not be construed an affirmance of the delivery, and estop the grantor from setting up that the deed was not his, where it clearly appears that the deed was delivered to the grantee without the authority of the grantor, and that the circumstances under which the delivery was made were not known to the grantor until the trial of the action at law.

The opinion of the Chancellor is reported *ante p.* 77.

*Mr. B. Van Syckel,* for appellant.

*Mr. Kingman,* for respondent.

The opinion of the court was delivered by DALRIMPLE, J.

The following statement of facts, I think warranted by the pleadings and proofs in this case:

In March, 1861, the complainant made a deed to defend-

ant, for a farm of complainant, situate in the county of Mercer. The deed was handed by complainant to Mr. Andrew R. Titus. The complainant delivered to Andrew, with the deed, a note or due-bill, payable to complainant, with instructions to deliver the deed to defendant on his executing the due-bill, and delivering the same to him, Andrew, for the complainant. The due-bill was required as the consideration of the conveyance. Andrew is the brother of complainant, and son-in-law of defendant. Contrary to the instructions of the complainant, Andrew delivered the deed without requiring of defendant the due-bill. The defendant retained the deed for some time, as if uncertain whether to claim title under it or not; but finally got it recorded, and · claimed that it had been duly delivered to him. The complainant, after vainly endeavoring to procure either the due-bill or a return of the deed, brought an action in the Circuit Court of Mercer, for the $2510 which he was to have received by way of consideration for the conveyance of the premises · in question. He was defeated in that action, on the ground that Andrew, neither before nor at the time he passed over the deed, informed defendant that the execution of the due-bill was required as a condition precedent to the delivery of the deed. The defendant maintained, that from some conversations or negotiations which had previously taken place between him and the complainant, the defendant had good reason to believe, and did believe, that the only consideration required to be paid for the conveyance, was the amount of encumbrances then on the property; the payment of which the defendant was, by the deed, made to assume. Failing in his action at law, the complainant brought this suit, the object of which is to compel a re-conveyance by defendant of the premises in dispute, on re-payment to him of all costs and expenses incurred for improvements, over and above the rents and profits received.

If the defendant, as he alleges, accepted the deed in good faith, under the honest belief that the complainant was willing to convey the property to defendant on his assumption of the encumbrances merely, and the complainant, on the other

hand, entrusted the deed to his brother, Andrew, with instructions not to deliver it without execution by defendant of the due-bill, and Andrew, without communicating to the defendant these instructions, but in violation thereof, made delivery of the deed, it is a case of mutual mistake of fact, against which a court of equity is bound to relieve. The instructions of complainant to Andrew to require the due-bill as the consideration of the conveyance, were in the nature of a condition precedent, on performance of which, Andrew's right to deliver the deed depended. Without the performance of that condition, no valid delivery could be made. The deed having been handed over to defendant without the performance of that condition, on which his right to receive it depended, he cannot claim that, in law, it is the deed of the complainant. It is not. The delivery was nugatory as against the complainant. Under these circumstances, it is manifestly inequitable for the defendant to claim title to the property.

It is said that the complainant, having brought an action at law for the consideration money, has thereby affirmed the delivery, and is now estopped from setting up, in a court of equity, that the deed is not his. I do not think so. The action at law was predicated on the facts respecting the consideration, as complainant understood them. He had a right to presume that these facts had been communicated by Andrew, his agent in that behalf, to the defendant. On the trial of that cause, the complainant was surprised to learn that Andrew had not advised the defendant of the condition on which the deed was to be delivered. The defence there was put upon the ground that the defendant, not having agreed to pay more for the property than the encumbrances, and nothing having passed at the time Andrew handed over the deed, from which a contract to pay more could be implied, the plaintiff could not succeed, even though the instructions had been given to Andrew not to deliver the deed without receiving the due-bill. In other words, the defendant contended that he could not be held to have accepted the deed

on the terms fixed by complainant, inasmuch as those terms had never been communicated to him. There being no evidence that Andrew had informed defendant of complainant's terms of sale of the property, the verdict and judgment passed in favor of the defendant. But I cannot admit that the result of that suit fixed the right of the defendant to the property, if this court is satisfied, as we are, that the deed was handed by Andrew to the defendant, without the authority of complainant.- If such were the effect of the verdict and judgment at law, the result would be, that the complainant, without any laches on his part, would lose his farm. By the record, the defendant holds the legal title to the farm in question. The deed under which he claims is not the deed of the complainant, because no delivery thereof, binding on complainant, was ever made. I can see no ground upon which the defendant can stand in a court of equity, in defence of his claim to this property. He has neither paid, nor proffered to pay for it. He was notified immediately after he got possession of the deed, that he must either return it or execute and deliver the due-bill. He did neither. He must do one or the other, or the result as already stated will be, that he will acquire title to a farm without paying for it, and against the will of the owner. When the complainant brought his action at law, he presumed, as he had a right to do, that the defendant understood, when he took possession of the deed, what were the complainant's terms of sale. The agent who was entrusted with the deed, handed it over without exacting compliance with, or even stating, those terms of sale, and therein exceeded his authority. The act was not the act of the principal, and he is in no wise bound thereby. He could have filed a bill in chancery at once, and have compelled a re-delivery of the deed, or at least payment of the consideration money, which he instructed his agent to exact. The action at law having been prosecuted under a mistake of facts, should not be allowed to prejudice the complainant's case in a court of equity. The complainant cannot be held to have adopted, as his own, the delivery

by Andrew, when it appears that the circumstances under which that delivery was made, were not known to complainant till the trial in the Mercer Circuit.

In the case of *Black* v. *Shreve,* 2 *Beas.* 455, it was held that a deed, to be valid, must go into the hands of the grantees with the consent of the grantors. The defendant in this case cannot claim the position of a *bona fide* holder of the deed for value, if that would avail him under the circumstances. In the first place, he has paid nothing; and in the second place, the consideration expressed in the deed advised him of the exact amount for which the grantor was willing to make the conveyance. Besides, the defendant's conduct, at the time of, and subsequent to, the delivery of the deed, shows that he had some misgivings at least, as to the propriety of claiming title to the property, without paying the complainant's price.

The complainant is entitled to a decree, with costs, in this court and in the court below.

Under all the circumstances, I think it right that the defendant should have the option, either to pay the $2510, with interest from the date of the due-bill, and retain the property, or to re-convey the property on payment for his permanent improvements, less the rents and profits received. The defendant should be allowed, in taking the account of the rents, profits, and improvements, all moneys, principal or interest, which he may have paid on the encumbrances referred to.

The decree in chancery must be reversed, and the cause remitted to that court, to the end that the decree of this court may be carried into effect, according to law.

The decree was reversed by the following vote:

*For reversal*—BEDLE, CLEMENT, DALRIMPLE, DEPUE, ELMER, FORT, KENNEDY, OGDEN, VAIL, WALES. 10.

*For affirmance*—WOODHULL.